UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FRANCLINE KOUAM,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-2001

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.     **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.10.) In an Order entered on July 13, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the January

28, 2026, bond hearing on July 16, 2026, (Resp., ECF No. 5; Recording of Jan. 28, 2026, Bond

Hearing, filed on Jul. 16, 2026), and Petitioner filed his reply on July 17, 2026, (ECF No. 6).

**II.      Factual Background**

Petitioner is a citizen of Cameroon who entered the United States in 2019. (Pet., ECF No. 1,

PageID.6.) On December 9, 2025, Petitioner was arrested by ICE agents. (*Id.*)

On January 9, 2026, Petitioner filed a § 2241 petition challenging his initial detention

without a bond hearing in *Kouam v. Raycraft* (*Kouam I*), No. 1:26-cv-94 (W.D. Mich.). In *Kouam

I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C.

§ 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the

alternative, immediately release Petitioner from custody. Op. & Jud., *Kouam I* (W.D. Mich. Jan.

21, 2026) (ECF Nos. 6, 7).

On January 28, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Bond

Order, ECF No. 6-1, PageID.53.) At the conclusion of that hearing, the immigration judge denied

Petitioner's request for bond, stating, "Flight risk." (*Id.*)

On March 23, 2026, and April 3, 2026, Petitioner filed his second and third § 2241

petitions, this time challenging the constitutionality of the Immigration Court's January 28, 2026,

bond denial. *Kouam v. Raycraft* (*Kouam II*), No. 1:26-cv-607 (W.D. Mich.); *Kouam v. Raycraft*

(*Kouam III*), No. 1:26-cv-1109 (W.D. Mich.). In both *Kouam II* and *Kouam III*, the Court denied

Petitioner's § 2241 petitions because there was no indication in the record that the Immigration

Judge applied an unconstitutional burden of proof at the January 28, 2026, bond hearing. Op. &

Jud., *Kouam II* (Mar. 23, 2026) (ECF Nos. 7, 8); Op. & Jud., *Kouam III* (Apr. 29, 2026) (ECF Nos.

7, 8).

While Petitioner's appeal of the January 28, 2026, decision of the Immigration Judge was pending, on May 28, 2026, the Immigration Judge issued a "Decision of the Immigration Judge Regarding Bond." (May 28, 2026, Immigration Judge Decision, ECF No. 1-1, PageID.13.) In that written decision, the Immigration Judge stated: "on January 28, 2026, the Court denied [Petitioner's] request for a custody redetermination pursuant to 8 C.F.R. § 1236 finding that [Petitioner] had not met his burden of showing he is likely to appear for any future proceeding." (*Id.*) The Immigration Judge went on to conclude that Petitioner is both a flight risk and a danger without suggesting the application of a different burden of proof. (*Id.*, PageID.14.)

### III.     Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.     Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### <u>Conclusion</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court

will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      July 21, 2026                    /s/ Jane M. Beckering
                                             Jane M. Beckering
                                             United States District Judge